George S. Rader, J.
The defendant was arrested on February 7, 1967 by Officer Matheison, who is conceded by defendant to be an expert in matters concerning mutuel race horse policy gambling. The officer was the only witness in the case, and his testimony stands uncontradicted since defendant offered no evidence in his own behalf.
The officer testified that between approximately 6:45 a.m. and 8:30 a.m. of February 7, 1967, he had premises 305 West 138th Street, in the County of New York, under observation from a point approximately 50 feet from said premises; that during such period, he observed 18 people enter the hallway and leave after short intervals. The officer, who was not in uniform, then entered the hallway and observed the defendant standing at the rear of said hallway and observed the defendant in conversation with an unknown male. As the officer *437 approached, the unknown male gave the defendant a slip of paper and money in bill form, which the defendant accepted. The defendant then turned, picked up an envelope which lay on a radiator approximately one to two feet to the rear, and placed said slip therein. While in the process of placing said slip into the envelope, another .slip of paper within the envelope allegedly became partially exposed to the officer’s view, upon which he recognized mutuel horse race policy notations. Although the officer testified he was only about six feet away from the defendant at this time, upon cross-examination he nevertheless admitted he was unable to see any notations on the slip, which the unknown male had handed to the defendant, nor could he identify the precise slip bearing notations which allegedly became exposed to his view. The officer then .arrested the defendant; seized the envelope; examined same, and as a conceded expert found it to contain 25 slips of paper bearing 168 mutuel race horse policy plays with amounts wagered and identities of players plus current date of February 7, 1967. He searched the defendant and found $91 in bills and $6.75 in coins.
The defendant, claiming illegal search and seizure, moved in a pretrial motion for an order pursuant to section 813-c of the Code of Criminal Procedure, to suppress the evidence so seized. After hearing, the court held that the officer had probable cause, based upon reasonable grounds, to believe a crime was being committed in his presence; that the arrest, search and seizure were legal and not in violation of defendant’s constitutional rights.
Upon cross-examination at the trial, the officer was requested to demonstrate the manner and details of his observation of the slip containing policy notations which he alleged became partially exposed to his view, constituting the basis for the arrest. The defendant claimed that the demonstration negated and contradicted the testimony given by the officer upon the hearing on the motion to suppress; and further claimed that the demonstration as performed by the officer showed the defendant opening the envelope about one quarter of an inch, which would have made observation of notations upon the slips therein difficult and improbable, if not altogether impossible.
The defendant contends that the trial court may consider the question of the legality of the search and seizure de novo. Defendant urges that in view of the improbabilities resulting from the officer’s demonstration, the court should now hold that there was no probable cause for the arrest; that the subsequent search and seizure resulting therefrom to be illegal and should *438 dismiss the complaint because of violation of defendant’s constitutional rights.
The People contend that the prior decision in the pretrial motion, denying the defendant’s motion to suppress, is binding upon this trial court and is the law of the case with regard to the legality of the search and seizure, despite any doubts raised by the officer’s demonstration.
Subdivision 2 of section 813-d of the Code of Criminal Procedure controls the issue herein presented. The statute provides : ‘ ‘ If a motion has been made and denied before trial, the determination shall be binding upon the trial court ”. The statute is clear and unequivocal that the decision in the pretrial motion is binding upon the trial court (People v. Estrada, 44 Misc 2d 452, 454).
However, .subdivision 2 of section 813-d contains an exception in that it further provides “ except that, if it is established that, after the making of such motion, the defendant obtained additional, material evidence of unlawfulness which could not have been obtained with reasonable diligence before the making of the motion, the court shall entertain another motion, or a renewal of a motion, during the trial.”
The exception contained in subdivision 2 of section 813-d is not relevant to the case at bar. There is neither allegation nor proof by the defendant that he obtained “ additional, material evidence of unlawfulness which could not have been obtained with reasonable diligence before the making of the motion”. In fact, there was no proof advanced by the defendant that the evidence upon the trial differed in any manner from the evidence adduced in the pretrial motion. Despite the court’s doubts raised by the officer’s demonstration upon trial, this court finds it has no alternative but to accord binding effect to the denial of the pretrial motion to suppress. The issue of illegality respecting the search and seizure herein is preserved to the defendant and relegated to appellate review (People v. Stokes, 15 N Y 2d 534; People v. Wade, 12 N Y 2d 61; People v. Friola, 11 N Y 2d 157).
The uncontradicted evidence upon trial established that the defendant was actually seen holding the envelope, which contained the afore-mentioned 168 race horse policy slips or wagers. Section 975 of the Penal Law provides that proof of possession is presumptive evidence that such possession was knowing. No evidence was offered to rebut this presumption. All the facts lead to but one conclusion; that the defendant was in possession of the- envelope, knew the contents thereof, and accordingly was in violation of .section 975 of the Penal Law.
*439 With reference to the charge of violation of section 974 of the Penal Law, there was no actual proof as to the placing or acceptance of any policy bet by the defendant, nor was there any evidence of overheard conversation or other activity on the part of the defendant which could lead to such a convincing conclusion. The evidence does not warrant a finding beyond a reasonable doubt that the defendant violated section 974 of the Penal Law.
The court finds the defendant guilty of violation of section 975 of the Penal Law, and not guilty of violation of section 974 of the Penal Law.